## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RAVI TEJA ACHANTI** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.:** |
| **v.** | § | |
| | § | |
| **BREAKTIME CORNER MARKET, L.L.C.,** | § | |
| **and** | § | |
| **OMAIR BASHIR** | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| **Defendants.** | § | |

## <u>ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Ravi Teja Achanti, Plaintiff, on behalf of himself, through undersigned counsel, complains of Breaktime Corner Market, L.L.C. ("BTCM"), and Omair Bashir ("Bashir"), Individual, collectively "Defendants", and files this Original Complaint showing the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of race-based national origin under 42 U.S.C. §1981.

3. Plaintiff also complains of Breach of Contract.

4. Plaintiff also complains of Promissory Estoppel.

5. Plaintiff also complains of Tortious Interference with a Contract.

6. Plaintiff also complains of Fraudulent Inducement.

7. Plaintiff also complains of Retaliation for Refusing to Commit an Illegal Act.

8. This action seeks compensatory and punitive damages, lost wages (past, present, and

future), attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

9.  Plaintiff Ravi Teja Achanti is a resident of Houston, Texas and a non-citizen of the United States.

10. Defendant Breaktime Corner Market, L.L.C., is a Delaware corporation which has a right to transact business in Texas. Defendant Breaktime Corner Market, L.L.C. may be served with process by mail or in person on its registered agent, Shahida Hafeez, at 6300 Richmond Ave., Ste. 300, Houston, Texas 77057.

11. Defendant Omair Bashir is a resident of Houston, Texas and a citizen of the United States, and may be served with process by mail or in person at his usual business address at 6300 Richmond Ave., Ste. 300, Houston, Texas 77057.

## VENUE

12. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because a substantial part of the events or omissions giving rise to the claim occurred here as required under 28 U.S.C. §1391.

## JURISDICTION

13. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under 42 U.S.C. §1981.

14. This Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1332 (a)(2) & (b). Plaintiff is a citizen of a foreign state, India. Defendant BTCM is a citizen of Delaware. Defendant Bashir is a citizen of Texas. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. This Court may also exercise supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367 as they arise under the same set of operative facts.

16.   The unlawful practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

17.   All conditions precedent to the filing of this action have been met by Plaintiff.

## FACTS

18.   Plaintiff is a citizen of India. Plaintiff is not a U.S. citizen.

19.   Defendant Bashir is a U.S. citizen.

20.   Plaintiff is not Caucasian.

21.   Plaintiff has dark skin.

22.   Plaintiff started working for BTCM from September 1, 2019 to May 30, 2020.

23.   When Plaintiff started working for BTCM, Plaintiff was a PhD student.

24.   Plaintiff worked while using his immigration status known as F1 CPT (Curricular Practical Training) authorized by his Designated School Official (DSO), through Homeland Security. CPT is a type of work authorization that allows foreign students on an F1 Student visa to work in the U.S. for temporary periods of time.

25.   On or about January 2020, Plaintiff and Bashir, who acted as BTCM's agent, discussed a full-time job opportunity for Plaintiff. Consequently, Bashir and BTCM, made a job offer to Plaintiff.

26.   Plaintiff accepted this job offer.

27.   The job offer included salary and benefits. Bashir and BTCM, also promised to Plaintiff, as a part of the offer, that BTCM would file a Labor Condition Application ("LCA") with the U.S. Department of Labor and a Petition for a Nonimmigrant Worker ("H-1B Petition") on behalf of Plaintiff with the U.S. Citizenship and Immigration Services ("USCIS"), so that Plaintiff can work for BTCM as an H-1B nonimmigrant worker.

Plaintiff relied on these promises and did not try to seek other H-1B opportunities with other potential employers.

28.   Bashir and BTCM, represented to Plaintiff that Plaintiff would have to pay for all costs and fees related to the filing of that petition.

29.   Plaintiff paid the fees and costs to BTCM through payroll deductions.

30.   In total, Plaintiff paid about $5,000 to BTCM through payroll deductions.

31.   Per BTCM's instruction, the law firm which represented BTCM in the filing of the LCA and H-1B petition on behalf of Plaintiff, charged an amount of $585.00 to Plaintiff's bank account, without Plaintiff's knowledge, presumably for a filing fee related to the H-1B process.

32.   Subsequently, BTCM, through its lawyer, filed the LCA and H-1B petition on behalf of Plaintiff on or about March 2020.

33.   Plaintiff left BTCM on May 30, 2020, due to the end of his CPT.

34.   On or about August 25, 2020, USCIS issued a Request for Evidence ("RFE") to BTCM requesting supplemental evidence in support of the Petition for a Nonimmigrant Worker that BTCM filed on behalf of Plaintiff.

35.   BTCM has not replied to this RFE.

36.   On or about October 21, 2020, Plaintiff reached out to BTCM's owner, Omair Bashir, in person, to urge Defendants to reply to the RFE.

37.   Bashir wrote "$500,000" on a piece of paper and handed the piece of paper to Plaintiff.

38.   Bashir represented to Plaintiff that BTCM would only reply to the Request for Evidence only if BTCM were to receive an amount of "$500,000" from Plaintiff.

39.   By demanding this excessive amount, or any amount, Defendants willfully and

intentionally interfered with the employment contract between Plaintiff and BTCM.

## COUNT I:

## DISCRIMINATION ON THE BASIS OF RACE-BASED NATIONAL ORIGIN

40. Plaintiff re-alleges and incorporates into count one, paragraphs 1-39.

41. Bashir is a Pakistani American. He favors to use Hindi to speak with employees of BTCM.

42. Plaintiff is originally from India. Plaintiff's native language is Telugu.

43. Hindi is traditionally used by people who are from the North part of the Indian Subcontinent who have lighter skin.

44. Telugu is traditionally used by people who are from the South part of the Indian Subcontinent who have darker skin.

45. As an employee of Defendants, Plaintiff had to try to use Hindi to communicate with Bashir.

46. When Plaintiff could not understand Bashir's Hindi, Bashir was annoyed because Plaintiff could not understand his Hindi.

47. During the time Plaintiff worked for BTCM while using his immigration status known as F1 CPT, BTCM made a job offer to Plaintiff, so Plaintiff would keep working at BTCM after his F1 CPT status expired. Plaintiff was qualified for the position that BTCM offered to him as BTCM agreed to hire Plaintiff for this position and filed an LCA and H-1B petition on behalf of Plaintiff.

48. After the RFE was issued by USCIS, Plaintiff tried to reach out to Bashir and BTCM. While waiting to discuss with Bashir, Bashir was discussing with his Pakistani friends about Plaintiff. They said that the longer Plaintiff waited in front of Bashir's door, they would ask more money from Plaintiff.

49.   Bashir and BTCM demanded $500,000, from Plaintiff to respond to the RFE. Without responding to the RFE, USCIS would deny the H-1B petition that BTCM filed on behalf of Plaintiff; subsequently, Plaintiff would not be able to work for BTCM as BTCM and Plaintiff agreed. Therefore, by making this outrageous, extortionary demand, BTCM denied Plaintiff the H-1B job opportunity that BTCM offered to Plaintiff for which BTCM filed necessary petitions with DOL and USCIS.

50.   If Plaintiff was a white U.S. citizen, he would not have been denied the job opportunity.

51.   Other non-Indian and/or light skin employees who need H-1B sponsorship from BTCM are not required to pay $500,000 to respond RFEs.

52.   BTCM and Bashir, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

53.   If it were not for Plaintiff's national origin and skin color, Plaintiff would not have been subjected to the discriminatory actions of Defendants interfering with his employment contract and requiring Plaintiff to pay $500,000 to respond to the RFE, which was absolutely necessary for Plaintiff to obtain the sought after position.

## COUNT II:

## BREACH OF CONTRACT

54.   Plaintiff re-alleges and incorporates paragraphs 1-39 of this Complaint as if fully set forth herein.

55.   Bashir, acted as BTCM's agent, made a job offer to Plaintiff on or about January 2020.

56.   Plaintiff accepted the job offer.

57.   As a part of the job offer, BTCM promised to sponsor the H-1B petition on behalf of Plaintiff. Plaintiff would start to work for BTCM upon the approval of the H-1B petition.

58. By filing LCA application and H-1B petition on behalf of Plaintiff, BTCM also represented to the U.S. Department of Labor and USCIS that it has an employment contract with Plaintiff.

59. To file a H-1B petition, BTCM is required to submit a LCA and a copy of any written contracts between the petitioner and the beneficiary, or a summary of the terms of the oral agreement if a written contract does not exist. *See* 8 C.F.R. §214.2(h)(4)(iv)(B).

60. BTCM is also required to attest under penalty of perjury on the H-1B petition and LCA that all of the information contained in the petition and supporting documents is complete, true, and correct. BTCM has to prove to the USCIS that employment exists at the time of its filing. *See Matter of Chawathe,* 25 I&N Dec. 369 (AAO 2010).

61. Plaintiff has already cooperated with BTCM in an attempt to finish the H-1B petition process.

62. Bashir and BTCM have asked for additional $500,000 from Plaintiff to finish the process.

63. This requirement was never a part of the employment agreement that Plaintiff agreed with BTCM.

64. By refusing to respond to the RFE, BTCM failed to continue its sponsorship of the H-1B petition on behalf of Plaintiff, which is a material component of the employment contract that Plaintiff entered into with BTCM.

65. BTCM, therefore, has breached the employment contract it has with Plaintiff.

66. Plaintiff has sustained damages as a result of the breach.

## COUNT III

## PROMISSORY ESTOPPEL

67. Plaintiff re-alleges and incorporate paragraphs 1-39 of this Complaint as if fully set forth herein.

68. BTCM promised Plaintiff that BTCM would file H-1B petition on behalf of Plaintiff.

69. It is foreseeable for BTCM and Bashir that Plaintiff would reply on this promise.

70. Plaintiff substantially relied on this promise and materially changed his position in reliance on the promise, namely did not try to seek other H-1B opportunities with other potential employers.

71. Plaintiff suffered damages as the consequence of BTCM breached its promise to Plaintiff.

## COUNT IV:

## TORTIOUS INTERFERENCE WITH A CONTRACT

72. Plaintiff re-alleges and incorporate paragraphs 1-39 of this Complaint as if fully set forth herein.

73. Plaintiff had a valid employment contract with BTCM.

74. Bashir willfully and intentionally interfered with the contract by asking for an excessive amount of money from Plaintiff, and then preventing BTCM to perform its contractual obligations.

75. This interference proximately caused Plaintiff's economical and emotional injuries.

76. Plaintiff incurred actual damages and loss.

## COUNT V

## FRAUDULENT INDUCEMENT

77. Plaintiff re-alleges and re-incorporates paragraphs 1-39 of this Complaint as if fully set forth herein.

78.   Defendants represented to Plaintiff that Plaintiff needed to pay for all the costs of the LCA and H-1B petition.

79.   This representation is a material misrepresentation as the Code of Federal Regulations forbids employers to make deductions to recoup their business expense(s) including attorney fees and other costs connected to the performance of H-1B program functions which are required to be performed by the employer; this includes expenses related to the preparation and filing of the LCA and related visa petition. *See* 20 C.F.R. 655.731 *et. seq.*

80.   Defendants made the misrepresentation with knowledge of its falsity because when filing the LCA, the U.S. Department of Labor requires the employers to sign an attestation in the LCA itself to comply with 20 C.F.R. 655.731 *et. seq.*

81.   Defendants made this misrepresentation with the intention that it should be acted on by Plaintiff, namely, that Plaintiff needed to pay the costs of the LCA and H-1B petition.

82.   Plaintiff reasonably relied on Defendants' misrepresentation and paid the fees and costs to Defendants through payroll deduction.

83.   Plaintiff has sustained damages as a result of Defendants' misrepresentation.

## COUNT VI

## RETALIATION FOR REFUSING TO COMMIT AN ILLEGAL ACT

84.   Plaintiff re-alleges and re-incorporates paragraphs 1-39 of this Complaint as if fully set forth herein.

85.   On or about November 13, 2020, BTCM ordered to sign a false sworn affidavit which was drafted by BTCM regarding a business dispute that BTCM has with another entity, relating to a federal immigration matter.

86.  Plaintiff would face criminal penalties should he sign the false, sworn affidavit on behalf of BTCM.

87.  Plaintiff refused to sign this false, sworn affidavit.

88.  After Plaintiff refused to sign this false affidavit, Defendants held his H-1B RFE hostage, because he refused to commit that illegal act of signing the false affidavit.

89.  As a direct consequence of his refusal to commit the above illegal act, BTCM discharged Plaintiff from the job that BTCM offered to Plaintiff, for which BTCM has filed necessary petitions with the U.S. DOL and USCIS.

90.  The sole cause for Plaintiff's discharge was his refusal to commit an unlawful act, namely signing a false, sworn affidavit on behalf of Defendants.

## JURY DEMAND

91.  Plaintiff hereby makes his demand for a jury trial.

## DAMAGES

92.  In the event that the court does not order specific performance of the contract, for compensatory damages.

93.  As a direct and proximate result of the aforementioned actions, Plaintiff has also suffered loss of wages as well as emotional distress and attorney's fees.

## EXEMPLARY DAMAGES

94.  Defendants' actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

**ATTORNEY'S FEES**

95.  Defendants' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of COANE AND

ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of

reasonable and necessary attorney's fees.

**PRAYER**

96.  WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants

be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the

following relief:

   a.  Lost Wages;

   b.  Pre-Judgment interest on lost wages;

   c.  Lost Benefits;

   d.  Compensatory Damages, including but not limited to emotional distress;

   e.  Punitive Damages;

   f.  exemplary Damages;

   g.  Attorneys' Fees and Costs; and

   h.  Such other and further relief, at law or in equity, general or special, to which Plaintiff

   may show is justly entitled.

Dated: March 23, 2021                      Respectfully submitted,

                                           **COANE AND ASSOCIATES, PLLC**

                                           */s/Bruce A. Coane*

11

Bruce A. Coane, Attorney-in-Charge
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Tong Jin
S.D. Tex. #3399719
TX Bar #24110051
Email: tong.jin@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

*ATTORNEYS FOR PLAINTIFF*